544 S.E.2d 627

**In the Matter of Michael O'Donnell EDENS, Respondent.**

**No. 25268.**

Supreme Court of South Carolina.

Submitted Feb. 27, 2001.

Decided March 26, 2001.

Henry B. Richardson, Jr., Susan M. Johnston, and Michael S. Pauley, all of Columbia, for the Office of Disciplinary Counsel.

Russell W. Templeton, of Columbia, for respondent.

PER CURIAM:

Respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement and issue a public reprimand. The facts as admitted in the agreement are as follows.

## *Facts*

Respondent represented a client in a real estate closing in 1993. In 1999, the client discovered two mortgage refinance transactions that were executed at closings subsequent to the 1993 purchase of the property. The client had no knowledge of the transactions and was not present at their closings. However, the relevant documents bore the client's name and were notarized by respondent and respondent's office manager. The client's wife had forged the client's name on the documents executed at the closings.

In respondent's initial response to disciplinary counsel, respondent indicated that he and the client were present at the closings of the transactions. Respondent subsequently learned from the client's wife that neither he nor the client were present at the closing. As a result of his failure to

properly supervise the transaction, respondent inadvertently assisted the client's wife in improper conduct by not actually witnessing the client's signature and by not ensuring that the client's signature was genuine.

Respondent also admits that he was not always present for real estate closings involving refinancing, home equity loans, or second mortgages and that he instead allowed his office manager to conduct refinancing closings in his absence. However, respondent did review the documents related to a few of these closings before the expiration of relevant time periods and required clients to return to his office to sign corrections.

### *Law*

As a result of his conduct, respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (a lawyer shall consult with the client as to the means by which representation is to be pursued); Rule 5.3 (a lawyer shall be responsible for the conduct of a non-lawyer assistant); Rule 5.5 (a lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(e) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice). In addition, respondent has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct) and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bring the legal profession into disrepute).

### *Conclusion*

We agree with the finding of improper conduct and find that a public reprimand is the appropriate sanction. Accordingly, respondent is hereby publicly reprimanded for the conduct detailed above.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.